LULU REDDEN v. PUBLIC SERVICE RAILWAY COMPANY.

Submitted July 2, 1909—Decided January 17, 1910.

Where the witnesses on each side appear to be equally credible, the mere fact that those called by the losing party outnumber those called by his adversary will not justify a court in setting aside a verdict on the ground that it is against the preponderance of the evidence.

---

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and PARKER.

For the rule, *Edward Ambler Armstrong.*

*Contra, William C. French.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in this case seeks to recover damages for injuries received by her while alighting from an open car of the defendant company upon which she was a passenger. The accident occurred in the city of Camden. Her story on the witness stand was that shortly before the car arrived at Tenth street, where it was her intention to alight, she notified the conductor to stop the car; that he did so; that after the car had stopped, and while she was in the act of getting off, having one foot on the running-board, and the other stretched out toward the ground, the car was sud-

denly started and she was thrown from it, receiving the injuries for which she claims damages. She is corroborated in her story by two witnesses, and, to some extent, by three others. On the part of the defendant seven witnesses who were passengers testified that the plaintiff stepped down on the running-board, and from thence to the ground, while the car was still moving, and before it had come to a stop, and that she fell while alighting. The conductor and motorman also testified that the car did not stop until after the plaintiff fell from it.

Plaintiff had a verdict; and we are now asked to set it aside upon the ground that the finding of the jury was against the weight of the evidence; and also upon the further ground that the damages are excessive.

Taking up the first ground: The story told by the defendant's witnesses is no more probable, inherently, than that told by the plaintiff and her witnesses. The witnesses on each side seem to be equally credible. The mere fact that the witnesses called by the losing party outnumbered those called by his adversary will not, standing alone, justify a court in setting aside a verdict on the ground that it is against the preponderance of the testimony. In other words, preponderance of testimony is not determined solely by the number of witnesses. The verdict in the present case cannot be disturbed upon this ground.

As to the second ground: The jury assessed the damages of the plaintiff at the sum of $3,500. Her physical injuries do not seem to have been serious, but it is claimed that the accident brought on neurasthenia, from which she still suffers. The testimony shows that she was quite nervous for some little time after the accident, but then improved materially for some four or five weeks, and after that time apparently suffered a relapse. The accident occurred in August, 1908; the suit was tried in April, 1909, at which time she was still suffering from nervous trouble. According to the medical testimony introduced on her behalf, her ultimate recovery is problematical. The medical testimony submitted on behalf of the defendant was to the effect that the plaint-

iff's nervous condition was due, in large measure, to her undetermined litigation with the defendant company, and that she would be restored to her normal health within a reasonably short time after its termination. We think the evidence in support of the latter view is the stronger, and that, in that view, the amount of damages awarded to her is excessive. If the plaintiff will consent to reduce her verdict to $2,500, she may enter judgment for that amount; otherwise the rule to show cause will be made absolute.